UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHALIMAR HOWARD,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LIVINGSTON COUNTY, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 20-11236<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND MOTION FOR SANCTIONS (ECF NO. 62)**

**A.**

Defendants moved to compel an interrogatory about Plaintiff Shalimar Howard's alleged protected speech and sought attorney's fees for making the motion. ECF No. 62. The Honorable David M. Lawson referred this motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 64. After a hearing on September 26, 2023, the Court:

- **GRANTS** defendants' request for Howard to supplement her answer to Interrogatory 18; and

- **ORDERS** that Howard pay defendants' attorney's fees of $1,276.24 under Federal Rule of Civil Procedure 37(a)(5). *See*

1

ECF No. 62, PageID.920-921.

**B.**

Defendants served Howard with their interrogatories in April 2023. ECF No. 62-3. Interrogatory 18 stated:

> In the complaint, you allege that throughout your career as a probation officer you verbally and publicly expressed opposition to alleged discriminatory practices of the Livingston County Prosecutor's Office. Without referring to your complaint or other general statements please identify:
> a. The time, date, and location of each expression.
> b. How the expression took place, whether in person or via telephone, mail, text messaging, etc.,
> c. To whom you made each expression, along with any other person present at the time each expression was made, and
> d. The alleged discriminatory practices you specifically expressed opposition to.

*Id.*, PageID.948-949. Howard answered the interrogatory over two months later:

> Objection. Form. Foundation. Calls for a legal conclusion. Notwithstanding these or any other objections and without waiving same, please see the following response: Plaintiff repeatedly and publicly opposed including, but not limited to, Defendants' unlawful charging practices and unfair sentencing practices. Moreover, please see Plaintiff's Complaint for additional information.

ECF No. 62-4, PageID.964. In response to defendants' motion to compel, Howard called this answer "more than sufficient"; claimed that her complaint "identified with specificity the statements [she] made for which

2

she experienced unlawful retaliation"; and said that "requiring her to identify what 'discriminatory practices' she 'expressed opposition to' calls for a legal conclusion." ECF No. 66, PageId.1043-1046. She also argues that "Defendants will be able to question Plaintiff regarding the basis of her *First* Amendment retaliation claim at her deposition." *Id.*, PageID.1048 (emphasis in original).

Howard's arguments are meritless. First, her objections were made after the 30-day deadline for responding to her interrogatories. Fed. R. Civ. P. 33(d)(2). Because the responses were untimely, Howard waived any objections. *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018). And even if her answers had been timely, Howard's "[b]oilerplate objections are legally meaningless and amount to a waiver of an objection." *Id.* Howard also may not "cloak [her] answers in without-waiving objections." *Tchun v. 3M Co.*, No. 20-CV-12816, 2021 WL 5864016, at *1 (E.D. Mich. Oct. 18, 2021) (cleaned up).

Finally, Howard's interrogatory response was anything but sufficient. Her reference to her complaint offered no clarity because the complaint fails to specify the nature of the alleged discrimination or how, when, where, and to whom Howard made the public statements. And the Court finds specious Howard's argument that asking her to identify discriminatory

3

practices she opposed calls for a legal conclusion. How could she oppose discriminatory practices, as she claims in her complaint, if she is unequipped to identify practices that are discriminatory? Howard's "[e]vasive and incomplete answers to discovery requests are tantamount to no answer at all." *Siser*, 325 F.R.D. at 210.

Howard had no right to evade answering the interrogatory based on defendants' ability to depose her. The federal rules provide that, absent a stipulation or court order otherwise, "(A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). Nothing in the rule "contemplates sequencing discovery for tactical advantage to one party over another." *Avila v. Target Corp.*, No. 21-CV-907 (PKC)(JMW), 2021 WL 4311142, at *3 (E.D.N.Y. Sept. 22, 2021). Relevant here, depositions and interrogatories "are complementary, rather than alternative or exclusive," and may be taken "in any sequence." *Echon v. Sackett*, No. 14-CV-03420-PAB-NYW, 2016 WL 1732708, at *2 (D. Colo. May 2, 2016).

Howard did not explain why she refused to detail, in advance of her deposition, the public statements and discriminatory practices she claims. The Court suspects that she sought a tactical advantage by limiting defendants' ability to prepare before her deposition to question her about

4

her factual claims. This type of gamesmanship is unacceptable.

"Discovery is the lifeblood of litigation and, as such, it must be initiated and responded to responsibly, in accordance with the letter and spirit of the discovery rules, to achieve a proper purpose." *Siser,* 325 F.R.D. at 207 (cleaned up).

### C.

Under Rule 37(a)(5)(A), the party whose discovery violations led to a successful motion to compel must ordinarily pay the moving party's attorney's fees and costs. Defendants must therefore reimburse defendants for the attorney's fees they expended in moving to compel an answer to the interrogatory. At the hearing, Howard's counsel did not object to defendants' assertion that their attorneys' fees were $1,276.24. The Court orders Howard to pay that amount to defendants by October 6, 2023. She must also fully respond to Interrogatory 18 by the same date.

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 27, 2023

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
